UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JEFFERY PEGLOW,

        Petitioner,               Case No. 1:20-cv-873

v.                                   Honorable Robert J. Jonker

RANDEE REWERTS,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

I.      **Factual Allegations**

Petitioner Jeffery Peglow is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Nearly thirty years ago, in the Bay County Circuit Court, Petitioner entered a plea of guilty to one count of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b, and one count of second-degree criminal sexual conduct (CSC-II), in violation of Mich. Comp. Laws § 750.520c. On March 1, 1991, the court sentenced Petitioner to concurrent sentences of 30 to 60 years on the CSC-I conviction and 10 to 15 years on the CSC-II conviction. According to the Michigan Department of Corrections' Offender Tracking Information System, Petitioner completed his sentence for CSC-II on October 6, 2003. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=215216 (visited Sept. 13, 2020).[1]

Petitioner, with the assistance of counsel, filed a claim of appeal with the Michigan Court of Appeals, raising two of the three issues he raises in his habeas petition. By opinion issued December 23, 1992, the Michigan Court of Appeals affirmed the trial court. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=138689&CourtType_CaseNumber=2 (visited Sept. 13, 2020).

Petitioner contends that he filed an application for leave to appeal to the Michigan Supreme Court during 1993. (Pet., ECF No. 1, PageID.2.) He reports that the application was

---

[1] Petitioner is also serving a sentence of 3 months to 5 years for prisoner in possession of a weapon, imposed by the Jackson County Circuit Court on May 20, 2020, following Petitioner's guilty plea to that offense. He does not challenge that conviction or sentence in this petition.

2

denied as late. (*Id.*) The Michigan Supreme Court docket tells a different story. According to the docket, on April 7, 1997, almost five years after the court of appeals' decision, the supreme court rejected Petitioner's late application. *See* https://courts.michigan.gov/opinions_orders/case_Search/pages/default.aspx?SearchType=1&CaseNumber=138689&CourtType_CaseNumber=2 (visited Sept. 13, 2020). Petitioner reports that he raised all three of his habeas issues in the application he filed in the Michigan Supreme Court.

Petitioner then returned to the trial court. Petitioner recalls that during October of 1998, he filed a motion for relief from judgment in the Bay County Circuit Court, raising the same three issues he raises in this habeas petition. (Pet., ECF No. 1, PageID.3.) According to Petitioner, the court denied relief the same month the motion was filed. (*Id.*) The appellate courts' dockets, however, again tell a different story: Petitioner filed his motion in October of 1997, and it was denied by order entered October 16, 1997. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=208863&CourtType_CaseNumber=2 (visited Sept. 13, 2020). Petitioner applied for leave to appeal the trial court's denial in the Michigan Court of Appeals and then the Michigan Supreme Court. Those courts denied leave by orders entered October 9, 1998, and May 25, 1999, respectively. *Id.*

More than twenty years passed, and, on September 1, 2020, Petitioner filed his habeas corpus petition raising the same three issues he raised in the state courts through his motion for relief from judgment:

    I.    Ineffective assistance of counsel. Petitioner's attorney took advantage of Petitioner because he knew nothing about the law by pressuring Petitioner to plead guilty by telling him he would get life if he took the case to trial.

    II.    Contemporaneous criminal acts. Petitioner's guidelines were scored using other criminal acts for which Petitioner was not charged.

> III. Psychological injury to victim. Petitioner's guidelines were scored based on a finding of psychological injury to the victim when she only went to see someone because the prosecutor and detective told her to go and she never received treatment or received further counseling.

(Pet., ECF No. 1, PageID.6-9.)

## II. Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration

4

of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed the judgment of conviction to the Michigan Court of Appeals.  That court denied relief on December 23, 1992.

Petitioner did not timely seek leave to appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added).  However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court.  *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).  Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court.  *See* Mich. Ct. R. 7.305(C)(2).  Accordingly, Petitioner's conviction became final on Wednesday, February 17, 1993.

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that there is a one-year grace period from enactment of the statute on April 24, 1996.  *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).  As a result, a petitioner whose conviction became final prior to the effective date of the AEDPA had until April 24, 1997, to file his petition.  *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir.); *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Petitioner filed more than 23 years later.  Obviously, absent tolling, Petitioner filed more than one year after the effective date of the AEDPA.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Under Sixth Circuit precedent, the one-year grace period is tolled by any time spent pursuing properly filed post-conviction relief. *Payton*, 256 F.3d at 408; *Austin*, 200 F.3d at 393 (2000). Petitioner filed such a motion during October of 1997.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's grace period expired in April of 1997, his collateral motion filed in October of 1997 did not serve to revive the limitations period.

Petitioner also filed a very late application for leave to appeal in the Michigan Supreme Court. That filing occurred during the grace period; but, it was not "properly filed." An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 531

U.S. at 8. Thus, even if it could be considered some form of request for collateral review, because Petitioner's application for leave to appeal to the Supreme Court was filed late, it was not properly filed and could not serve to toll the grace period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has not specifically raised equitable tolling or alleged any facts or circumstances that would warrant its application in this case. The petition form requires the petitioner to explain why, if the judgment of conviction became final more than one year prior to the petition, the statute of limitations does not bar the petition. Petitioner explained:

> I don't know anything about the law and no money to retain a[n] attorney nor did I know about the statute of limitations.

(Pet., ECF No. 1, PageID.13.)

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.

7

*See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, based on the petition as it stands, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. To make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:   September 15, 2020         /s/ Robert J. Jonker
                                    Robert J. Jonker
                                    Chief United States District Judge